IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

MARK W. HARRISON &
ELLEN C. HARRISON,

      Plaintiffs,

      v.

INTERNAL REVENUE SERVICE,
COMMISSION (*sic*) OF INTERNAL REVENUE,
& UNITED STATES DEPARTMENT OF
JUSTICE,

      Defendants.
_____

Case No. 1:19-CV-00194

**UNITED STATES' BRIEF IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

The United States, on behalf of the Defendants,[1] respectfully moves the Court for an order dismissing the Plaintiffs' Complaint for failing to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The Plaintiffs' Complaint seeks a refund of an alleged overpayment of federal income tax for tax year 2012. However, the Complaint fails to include factual allegations sufficient to state a claim for refund against the United States because it makes no allegations about payment of the tax, let alone payment during the three-year statutory limitations period.

In addition, should the Court find it necessary to consider facts outside of the pleadings to rule on the United States' motion, the Court may convert the United States' motion for summary

---

[1] The United States is the property party defendant in cases, such as a refund suit, where taxpayers are authorized to sue on matters arising out of IRS actions. *See e.g., Gengler v. IRS*, 2010 WL 5463314, at *1 (E.D. Wis. 2010).

judgment pursuant to Fed. R. Civ. P. 56(a). In support of this alternative argument, the United States submits the declaration of an IRS Revenue Advisor and certified IRS records for the taxpayer in tax year 2012.[2] This evidence shows that not only do the Plaintiffs fail to state a claim, but, as a matter of law, the Plaintiffs are barred from <u>recovering</u> any alleged tax overpayment for 2012.

**I.  Facts**

The United States presents the following facts in support of its motion. In addition, the United States submits the Declaration of Revenue Office Pat Kosmatka and Exhibit A as additional factual support of its motion to dismiss the Complaint.[3]

1. In the course of tax year 2012, Plaintiffs Mark and Ellen Harrison paid taxes in the form of income tax withholdings from wages or other income. (Exh. A at p. 1 (transcript entry "W-2 or 1099 withholding 04-15-2013"); IRS Decl. ¶ 11(iv).)

2. Since tax year 2012, Plaintiffs have made no payment of taxes regarding their 2012 federal income tax liabilities. (IRS Decl. ¶ 11(v); Exh. A at pp. 1-2 (reflecting no payments after "04-15-2013").)

3. Plaintiffs did not file a federal income tax return for tax year 2012 on its initial due date, April 15, 2013. (IRS Decl.¶ 11(i)-(ii); Exh. A at p. 1 (transcript entry "return due date or return received date (whichever is later) Oct. 17, 2016.")

---

[2] Filed concurrently, the United States submits the Declaration of Revenue Advisor Pat Kosmatka and Exhibit A referenced therein. Hereinafter, references to "IRS Decl." are references to this declaration and Exhibit A, to the exhibit to the declaration.

[3] Exhibit A, the IRS transcript of the Harrisons' 2012 account, constitutes a certified public document under Fed. R. Evid. 902(2) and a business record of the IRS under Fed. R. Evid. 803(6). *See* IRS Decl. at ¶¶ 3-10; *see also, United States v. Thompson,* 2018 WL 2994884, at *5-6 (D. Oregon 2018)(finding IRS transcripts constitute business records).

4.     Plaintiffs sought and received an extension to file their 2012 federal income tax return until on or before October 15, 2013. (Cmplt. ¶ 5; IRS Decl. ¶ 11(i); Exh. A at p.1 (transcript entry "Extension of time to file tax return ext. 10-15-2013").)

5.     Plaintiffs did not file their 2012 federal income tax return on or before October 15, 2013. (Cmplt. ¶ 5; Exh. A at p. 1; IRS Decl. ¶ 11(ii).)

6.     Rather, Plaintiffs filed their 2012 federal income tax return on October 17, 2016. (Cmplt. ¶¶ 5 & 7(a); Exh. A at p. 1.)

7.     The 2012 federal income tax return was received by the Internal Revenue Service on October 17, 2016. (*Id.* ¶ 7(a); Exh. A at p. 1.)

8.     On March 13, 2017, Plaintiffs received a response from the Internal Revenue Service regarding their late-filed 2012 return (filed on October 17, 2016) which stated that their claim for refund was denied as untimely. (Cmplt. ¶ 6.)

9.     Subsequently on March 12, 2019, the Plaintiffs filed their Complaint in the above-captioned case seeking recovery of federal income tax overpayments for tax year 2012. (Cmplt. *passim.*)

**II.    Standards of Review**

    **A.    Rule 12(b)(6) motion to dismiss for failure to state a claim**

Taking all allegations as true, there is no relief available to the Plaintiffs and, therefore, their Complaint fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). A complaint will survive a motion to dismiss when it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory allegations, however, are not entitled to the presumption of truth. *Id.* at 680-81.

B. **Rule 56 motion for summary judgment**

Summary judgment is proper under Fed. R. Civ. P. 56(a) if the moving party shows "that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *See Sow v. Fortville Police Dept.,* 636 F.3d 293, 300 (7th Cir. 2011)(internal citations and quotations omitted). "All reasonable inferences are construed in the light most favorable to the nonmoving party." *Foley v. City of Lafayette,* 359 F.3d 925, 928 (7th Cir. 2004).

Further, the party bearing the burden of proof on a claim bears the burden to present sufficient evidence to create a genuine dispute of material fact to avoid summary judgment. *Sow,* 636 F.2d at 300; *Parent v. Home Depot USA, Inc.,* 694 F.3d 919, 922 (7th Cir. 2012). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Siegel v. Shell Oil Co.,* 612 F.3d 932, 937 (7th Cir. 2010). "Summary judgment procedure properly regarding not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett,* 477 U.S. 317, 329 (1986).

Further, a 12(b)(6) motion to dismiss can be presented, in the alternative, as a motion for summary judgment when the non-moving party has the opportunity to present responsive evidence. *Thompson v. Cope,* 900 F.3d 414, 425 (7th Cir. 2018); *Tri-Gen Inc. v. Int. Union of Operating Engineers,* 433 F.3d 1024, 1029-30 (7th Cir. 2006)("Adequate notice is provided when the moving party frames its [12(b)(6)] motion in the alternative as one for summary judgement.").

III. **Nature of the Case**

The Harrisons appear to seek a refund of tax overpayments regarding tax year 2012, but their Complaint cites no specific statutory provision under which they may bring this suit. However, as they title their Complaint a claim for "refund," the United States construes the Complaint to make a claim for refund of federal taxes under 28 U.S.C. § 1346(a)(1) and 26

U.S.C. §§ 7422 and 6511 of the Internal Revenue Code. Congress has authorized suit by taxpayers against the United States for recovery of tax under specific circumstances defined by statute. In a refund suit against the United States, it is "the [plaintiff] taxpayer [that] bears the burden of proving the amount of tax he is entitled to recover." *Pipitone v. United States,* 180 F.3d 859, 861 (7th Cir. 1999).

**IV.   Argument**

The Harrisons' Complaint, on its face, appears to seek recovery of alleged tax overpayments with respect to tax year 2012. However, taking all allegations in the Complaint as true, the Plaintiffs have failed to allege sufficient facts that show they are entitled to a refund. Therefore, their Complaint should be dismissed for failure to state a claim. In the alternative, should the Court rely on any additional facts contained in the IRS Declaration and Exhibit A, the Court should grant summary judgment in favor of the United States because the undisputed material facts show the Plaintiffs are not entitled to recover any tax overpayments as a matter of law.

    **A.   The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.**

To survive a motion to dismiss and state a claim for relief, a complaint must contain sufficient factual matters, accepted as true, to state a claim to relief that is plausible on its face. *Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 555 (claim for relief "requires more than labels and conclusions"). Even accepting all of the Harrisons' allegations as true, the Complaint fails to state a claim for refund.

The Internal Revenue Code sets forth the requirements for asserting a valid refund claim. Congress imposes the following (primary) requirements that must be met to state a cognizable refund claim:

5

- (1) <u>Full Payment</u>: A taxpayer must have fully paid the tax at issue;

- (2) <u>Filing a timely, and sufficient, administrative claim for refund</u>: A taxpayer must have filed a timely administrative claim pursuant to 26 U.S.C. §§ 7422(a) & 6511(a); and

- (3) <u>Tax payments made within the limitations period</u>: A taxpayer must also have paid taxes within the limitations period pursuant to 26 U.S.C. § 6511(b)(2)(A).

*See,* 26 U.S.C. §§ 7422 & 6511; *Flora v. United States,* 357 U.S. 63, 68-69, 75(1958) *aff'd on reh'g*, 362 U.S. 145 (1960)(on full payment requirement); *United States v. Dalm,* 494 U.S. 596, 600-01 (1990)(on limitations requirements for timeliness and limitation on amount of refund)*; see also Larson v. United States,* 888 F.3d 578, 583-84 (2d Cir. 2018)(refund suit prerequisites "recognize[] the Government's substantial interest in taxation a maintaining the smooth functioning of the taxation system that Congress intentionally and purposefully crafted." (citing *Flora* (internal quotations omitted).)

Granting all reasonable inferences to the Plaintiffs, the United States accepts as true the Plaintiffs' allegation that they filed a timely administrative claim for refund under Section 6511(a). (Cmplt. ¶¶ 5-7.) Therefore, for the purposes of this motion, the United Sates accepts that the second requirement described above has been sufficiently pled in the Complaint.

However, the Plaintiffs' Complaint makes no allegations regarding the other two necessary requirements: whether they have fully paid their 2012 tax liabilities at issue nor whether they have paid any taxes during the limitations period. The Complaint merely alleges that they filed a late 2012 return seeking a refund for tax year 2012, that this return was received by the IRS on October 17, 2016, that their claim was timely, and that they are owed a refund. (Cmplt. ¶ 5 & 7(a).) In conclusion, the Complaint simply states that it seeks a determination that their claim was timely and that they are entitled to the refund. (Cmplt. at p. 3.) To survive a motion to dismiss, a party must state more than legal conclusions or "[t]hreadbare recitals of the

elements of a cause of action." *Firestone Fin. Corp. v. Meyer,* 796 F.3d 822, 827 (7th Cir. 2015). In the context of a federal refund suit, Courts regularly dismiss complaints when the taxpayer fails to make factual allegations that it satisfies the statutory requirements for bringing suit. *Anselmo v. United States,* 2018 WL 1006450, at *3-4 (M.D. La. 2018)(dismissing suit under 12(b)(6) when withholdings payments made outside the look back period); *Murdock v. United States,* 103 Fed. Cl. 389, 393 (Fed. Cl. 2012)(dismissing suit under 12(b)(6) when taxpayer's complaint failed to allege he had made tax payments during the look back period); *see also Bryuhanova v. IRS*, 2014 WL 2178584, at *4 (D. Minn. 2014)(in ruling on US motion to dismiss under 12(b)(6) and 12(b)(1), found that taxpayer failed to allege made any payments during look back period <u>and</u> did not make payments during look back period, holding that this served as jurisdictional bar to suit).

In their Complaint, Plaintiffs do not allege *any* facts that support a finding that their claim satisfies the requirements of full payment or payments made within the limitations periods. For these reasons, the Harrisons' Complaint should be dismissed for failure to state a claim.[4]

### B. In the alternative, additional undisputed material facts show that the United States is entitled to summary judgment.

The Complaint does not allege that the Harrisons have fully paid their tax or paid taxes within the statutory limitations period. 26 U.S.C. §§ 7422(a) & 6511(b)(2)(A). The Declaration of IRS Revenue Advisor Pat Kosmatka and Exhibit A, an IRS transcript of the Harrisons' 2012 tax account, show that the Plaintiffs are barred from recovering any tax overpayments for tax

---

[4] As explained further below *infra* Section IV.B., the undisputed facts show that the Plaintiffs have actually paid their 2012 taxes, but they did not make any payments within the refund limitations period.

7

year 2012 because they have made no tax payments in the Section 6511(b)(2)(A) limitations period and, thus, they can recover nothing as a matter of law.[5]

### 1. The undisputed material facts show that the Plaintiffs have paid their 2012 liabilities and filed a timely administrative claim for refund.

Above, the United States outlined the three primary predicates for maintaining a valid refund suit. The evidence submitted in support of this motion shows that the facts support finding that two requirements have been met: that the Plaintiffs have paid their 2012 tax before filing suit and filed a timely claim for refund.

*First*, the self-authenticating IRS transcript that contains the Harrisons' 2012 tax history shows that they made Form W-2 and Form 1099 withholdings payments during the course of tax year 2012. (IRS Decl. ¶ 11(iv); Exh. A at p. 1.) Further, the records of the IRS report that the Plaintiffs have no outstanding federal tax liabilities for tax year 2012. (Exh. A at p.1.) Therefore, although they have failed to plead this fact, the Plaintiffs have satisfied the full payment rule.

*Second,* the Plaintiffs admit that they filed their 2012 tax return on October 17, 2016. (Cmplt. ¶¶ 5 & 7.) The IRS records confirm receipt of this return on October 17, 2016. (Exh. A at p. 1.) A late-filed return that reports a refund of tax can serve as an administrative claim for refund. 26 C.F.R. § 301.6402-3(a)(return that claims a refund may be considered a claim for refund under Section 6511); *United States v. Szopa,* 2000 WL 250116, at *1 (7th Cir. 2000); *Oropallo v. United States,* 994 F.2d 25, 28 (1st Cir. 1993). Therefore, the undisputed material facts show that the Plaintiffs filed an administrative claim for refund on October 17, 2016.

---

[5] In the Seventh Circuit, consideration of facts outside of the pleadings converts a Rule 12(b)(6) motion to dismiss into a motion for summary judgment under Rule 56. *Tierney v. Vahle,* 304 F. 3d 734, 737 (7th Cir. 2002); *see also, Tri-Gen Inc.,* 433 F.3d at 1029-30 (a Rule 12(b)(6) motion styled in the alternative as a motion for summary judgment provides adequate notice to the nonmoving party).

**2.     The undisputed material facts show that the Plaintiffs <u>have not</u> made any payments of tax within the Section 6511(b)(2)(A) limitations period.**

Plaintiffs failed to plead that they paid any taxes within the Section 6511(b)(2)(A) limitations period and the undisputed facts show that no taxes were actually paid during this period. Therefore, as a matter of law, the Plaintiffs are not entitled to recover any tax overpayments. As such, summary judgment should be granted in favor of the United States.

Section 6511(b)(2)(A) provides that, if a taxpayer makes a timely refund claim, then:

> [T]he amount of the credit or refund [to the taxpayer] shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.

26 U.S.C. § 6511(b)(2)(A); *C.I.R. v. Lundy,* 516 U.S. 235, 240 (1996); *Chan v. C.I.R.*, 693 Fed. Appx. 752, 755 (10th Cir. 2017)("[E]ven when a taxpayer files a refund claim within § 6511(a)'s three-year period, § 6511(b)(2)(A) limits the amount of any refund to the portion of the tax paid in the three years prior to the claim, plus any extension for filing the return."). This statutory time period for recovery is often called the "look back period" (*hereinafter* the "look back period").

Put simply, <u>Congress has limited a refund suit to stand only for recovery of any tax overpayments that have been paid within three years (plus extensions) of the timely administrative claim itself</u>. *Lundy*, 516 U.S. at 239-240; *Szopa,* 2000 WL 250116, at *1 (upholding summary judgment against taxpayer because Section 6511(b)(2)(A) precluded recovery of withholdings taxes deemed paid outside the look back period); *Ebeyer v. United States,* 114 Fed. Cl. 538, 552 (Fed. Cl. 2014)(granting summary judgment when taxpayer failed to make payments during look back period); *Syring v. United States,* 2013 WL 4197143, at *2, 6

(W.D. Wis. 2013)(granting summary judgment when no tax payments made within the limitations period).[6]

The Plaintiffs allege that their 2012 return was filed on October 17, 2016. (Cmplt. at ¶ 5; Exh. A at p. 1.) The Plaintiffs' return served as their timely administrative claim. Therefore, Plaintiffs suit for refund is limited to amounts paid within three years of their October 17, 2016 claim plus any extensions of time. The Plaintiffs received one six month extension to file the 2012 return (from April 15, 2013 to October 15, 2013). (Cmplt. ¶ 5; Exh. A at p. 1; IRS Decl. ¶ 11(i).) Accordingly, the look back period for the Plaintiffs consists of three years, plus six months, from the date of their claim. <u>This date is April 17, 2013</u>.[7]

The final question remains – were any amounts paid within the Harrisons' look back period? Section 6513(a) provides when taxes are deemed paid as a matter of law. Section 6513(a) states that the payment of any portion of a tax that is made before a due date, is considered to have been made on the last day the payment could have been made (and does not include any extensions). 26 U.S.C. § 6513(a)("payment of any portion of the tax made before the

---

[6] Here, the United States has not made a Rule 12(b)(1) motion to dismiss for want of subject matter jurisdiction. *Gillespie v. United States,* 670 Fed. Appx. 393, 395 (7th Cir. 2016)(examining that Section 7422 refund suit prerequisites may be non-jurisdictional claims-processing rules, but affirming dismissal because taxpayer's claim for refund was insufficient and frivolous). However, Courts also regularly dismiss suits for lack of jurisdiction when a taxpayer has failed to make any tax payments in the look back period. *Gessert v. United States,* 703 F.3d 1028, 1031-32 (7th Cir. 2013)(affirming 12(b)(1) dismissal of refund claim when failed to file timely administrative claim for refund and absence of any tax payments in the limitations period); *Curry v. United States,* 774 F.2d 852, 854-55 (7th Cir. 1985)(upholding dismissal of refund suit under 12(b)(1) when failure to allege full payment of liabilities and finding Section 6511(b)(2)(A) limitation period would also bar suit); *see also, Meconi v. United States,* 2014 WL 2590925, at *3 (D. Del. 2014); *Castaners v. United States,* 2012 WL 1802151, at *3 (N.D. Ill. 2012); *Porter v. United States,* 919 F. Supp. 927, 932 (E.D. Va. 1996).

[7] The Plaintiffs claim was filed October 17, 2016. Three years from October 17, 2016 is October 17, 2013. When one adds in the six month extension (six months prior to October 17, 2013), then the relevant look back date is April 17, 2013.

last day prescribed for the payment…shall be considered made on such last day" without regard to any extensions) & 6511(b)(1)(taxes withheld during calendar year deemed to have been paid on April 15 of the following year); *Baral v. United States,* 528 U.S. 431, 432-33 (2000)(pursuant to Section 6513, withholdings taxes are deemed paid "on the due date of the taxpayer's income tax return"); *Szopa,* 2000 WL 250116, at *2.

The Plaintiffs paid withholdings taxes throughout tax year 2012. (Exh. A; IRS Decl. ¶ 11(iv).) The last day for payment of their 2012 taxes, without extension, was April 15, 2013. Therefore, all of Plaintiffs 2012 withholdings taxes were deemed paid on April 15, 2013. The Plaintiffs do not allege that they made any subsequent payments and IRS records confirm that the only payments made are those withholdings made in tax year 2012, due on April 15, 2013, and deemed paid on April 15, 2013. (Cmplt. *passim*; Exh. A at p. 1; IRS Decl. ¶ 11(v).)

In summary, the undisputed material facts show that the Plaintiffs have paid no taxes within the look back period (April 17, 2013 through October 17, 2016). Rather, they submitted their claim for refund two days outside of the look back period.[8] Therefore, the facts show that the Harrisons have made no recoverable payments in the look back period, are entitled to no refund as a matter of law, and summary judgment should be granted to the United States.

---

[8] The Supreme Court has found that "Section 6511 sets forth its [] limitations in unusually emphatic form." *United States v. Brockamp,* 519 U.S. 347, 350-51 (1997). The Plaintiffs have not met the emphatic requirements of Section 6511(b)(2)(A) because they have made no tax payments within the look back period. Courts regularly dismiss refund suits when a taxpayer's payments were made days outside the look back period. *See e.g., Washington v. United States,* 2019 WL 2041654, at *2 (dismissing refund claim when taxes paid April 15, 2013 and look back period ended May 2, 2013); *Khafra v. IRS,* 2018 WL 5809704, at *2 (D. Md. 2018)(dismissing when taxes paid April 15, 2012 and look back period ended April 16, 2012); *Manka v. United States,* 105 F. Supp. 2d 490, 492 (E.D. Va. 2000)(dismissing when taxes paid April 15, 1994 and look pack period ended April 20, 1994).

## V. Conclusion

In conclusion, a refund suit against the United States requires pleading sufficient facts, that if accepted as true, state a claim upon which relief can be granted. The Plaintiffs' Complaint merely states the conclusions that they filed a 2012 return and believe they are owed a tax refund. However, on its face, this Complaint is deficient and should be dismissed for failure to state a claim because it does not state any facts to show that they made any tax payments within the limitations period.

In the interests of judicial economy, the United States submitted evidence (in the event the Court chooses to rely on additional facts) in support of its position that, not only did the Plaintiffs fail to plead that they paid taxes within the required look back period, they did <u>not</u> pay taxes in the look back period. Based on the undisputed material facts, in the alternative, the Court should grant summary judgment for the United States because the Plaintiffs' tax payments were paid outside the look back period and, by statute, they are barred from recovering any alleged overpayments for tax year 2012.

Dated: June 17, 2019               Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General


*/s/ Gretchen Ellen Nygaard*
GRETCHEN ELLEN NYGAARD
Trial Attorney, Tax Division
D.C. Bar No. 1006292
U.S. Department of Justice
P.O. Box 7238
Washington, D.C.  20044
202-305-1672 (v)
202-514-6770 (f)
Gretchen.E.Nygaard@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of June, 2019 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.

/s/ Gretchen Ellen Nygaard
GRETCHEN ELLEN NYGAARD
Trial Attorney
Civil Trial Section, Central Region