IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WISCONSIN

---

MARK W. HARRISON
and ELLEN C. HARRISON,

        Plaintiffs,                Case No: 19-CV-00194

vs.

INTERNAL REVENUE SERVICE,
COMMISSION OF INTERNAL REVENUE,
COMMISSIONER OF INTERNAL REVENUE
and UNITED STATES DEPARTMENT OF JUSTICE

        Defendants.

---

### MARK W. HARRISON AND ELLEN C. HARRISON PLAINTIFF'S RESPONSE/OBJECTION TO THE UNITED STATES MOTION TO DISMISS OR IN THE ALTERNATIVE UNITED STATES MOTION FOR SUMMARY JUDGMENT

---

Mark W. Harrison and Ellen C. Harrison, his wife, Plaintiff's, by their attorneys PITTMAN & PITTMAN LAW OFFICES, LLC by Galen W. Pittman respond to the Motion to Dismiss brought on by the United States and the Alternative Motion for Summary Judgment as set forth below.

Contrary to the allegations of the United States set forth in their Brief, Mark W. Harrison and Ellen C. Harrison his wife not only paid all the tax owing to the United States in 2012 but, overpaid the Internal Revenue Services the sum of United States $7,386.48 (Requested refund) that the United States/Internal Revenue Services refuses to refund to the Harrisons. The facts set forth in the 2012 tax return filed by the Internal Revenue Service clearly shows the withholding and overpayment by the Harrison's to the Internal Revenue Service and meets all the requirements for their refund and claim of refund and facts to support the claim for refund.

### FACTS

1

The uncontested facts are as follows:

1. In the year of 2012, Plaintiff paid/deposited income tax (withholding) pursuant to a W-2 statement through the employer in the amount of $16,720.48. This is clearly set forth in the Attachment #1 (2012 Harrison's 1040 Individual Tax Return) and also acknowledged by the United States in Exhibit A, Page 1 Transcript entry-W-2 withholding.

2. Pursuant to the 2012 Federal 1040 tax return by the Harrisons, Harrison the tax payer owed the Internal Revenue Service the sum of $9,334.00 in Federal Income taxes which were deducted on the 2012 tax return from the W-2 withholdings to leave available refund to the taxpayer in the amount of $7,386.48. Not only were all the taxes paid for 2012, the Harrison's overpaid the Internal Revenue Service by that amount. The United States does not dispute any aspect of those facts.

3. The 2012 Harrison Income Tax Return was filed per an extension granted by the Internal Revenue Service's extending the time for filing the tax return through October 15, 2016 which was actually filed on October 11, 2016 by certified mail.. October 15, 2016 date landed on a Saturday and pursuant to Internal Revenue Service 6151(a) of the Internal Revenue Code, the date for filing the return is extended to the following Monday which is October 17, 2016. The return was timely filed on that date as set forth and acknowledge by the Internal Revenue Service.

4. The Internal Revenue Service did not dispute the facts that the taxpayer paid taxes pursuant to a W-2 withholding in the amount of $16,720.48 and that the taxpayer

was entitled to a refund of $7,386.48. The Internal Revenue Service (United States) states that the return was untimely filed.

5. As part of the pleadings, the taxpayer pleaded sufficient facts for the claim of refund. That is, the facts showed that the taxpayer paid pursuant to a W-2 Withholding sufficient funds to pay all the taxes and was entitled to a refund. The 2012 1040 income tax was not disputed in any fact by the Internal Revenue Service, and was filed on October 11, 2016.

## ARGUMENT

The Harrison's Complaint is seeking a refund for overpayment of income taxes for the Year of 2012 in the amount of $7,386.48 which is clearly set forth in the pleadings. The IRS is claiming in their Motion to Dismiss that the Harrison's Complaint fails to state a claim upon which relief can be granted. Their alleging three (3) items and we'll look at each of these items.

1. That the taxpayer has not made full payment of tax at issue.

2. The return was not filed timely and did not pursue a timely administrative claim.

3. The taxpayer had not paid the taxes within the time period.

As to the first item the United States admits that the allegations set forth show that a timely administrative claim for refund under § 6511(a) was made.

The United States disputes the fact that the Complaint does not show that the taxes had been fully paid (2012 tax liability at issue). However, to respond to that statement, the Internal Revenue Service has ignored Attachment #1 which is the 2012 income tax return of the taxpayer and Attachment #5 showing this return was filed October 11, 2016 which clearly shows that all the taxes were clearly paid as a result of the tax return and the W-2 withholding tax by the employer during the 3 years and 6 month look back period. In fact, it was over paid so that the taxpayer was

entitled to a refund. The information about payment of taxes are in the privity and control of the Internal Revenue Service such as the W-2. The IRS has control of that information. That was clearly set forth in the transcript of the Internal Revenue Service in their Exhibit and as a result, the taxpayer had met all the requirements of paying all the taxes in full. United States does not argue that there are any additional taxes owed by the taxpayer but only that because it was untimely filed the taxpayer is denied his refund.

The last argument relates to this refund claim. The Internal Revenue Service granted the taxpayer up through October 15, 2016 to claim a refund. United States claims that the October 15, 2016 date was not honored in a timely fashion. However, the tax return was filed on October 11, 2016 and as a result the look back period applying W-2 withholding was well within this period. The return was timely filed. The Internal Revenue Service acknowledges that. The United States acknowledges that. But, they disregard the Internal Revenue Code which states that a return is on the date of mailing which is supported by Attachment #5. This was sufficiently pleaded in the Complaint.

For the reasons stated above, the Harrison taxpayers have met the requirements to claim a refund and they're sufficiently plead in the Complaint. The Motion to Dismiss should be denied.

### B. RESPONSE TO THE UNITED STATES MOTION FOR SUMMARY JUDGMENT

Contrary to the United States position, the Complaint with the Attachments (#1 & #5) shows that the taxes were paid during the statutory limitation and as well as the United States Exhibit #1 which is the transcript. The withholding of the taxes pursuant to the W-2 in the amount of $16,720.48 was done within the statutory period look back period relating to 2012 taxes. The argument of the United States is quite simply put. They acknowledge that the taxpayer, Harrison's

4

pursuant to their W-2 form made the proper payments for their tax liabilities for the year of 2012 and that they have properly filed an administrative claim, but the return receipt date triggers the look back period not the mailing date (Actual filing).

Their argument states that because the actual return and payment was not made within the three (3) years and six (6) months (Extension) because it was filed on October 17, 2016 not before October 15, 2016 that the Harrison's are barred from the recovery of that refund even though the Internal Revenue Code has granted the extension per their code for filing of that return and the return was filed on October 11, 2016.

The taxpayer's position is that the filing date of the return per the extension actually relates back to October 15, 2016 not October 17, 2016. This is based upon the filing date of October 11, 2016. 26 U.S. Code § 7502, timely filing and paying status.

    A. General Rule

        (1) (26 U.S. Code § 7502). Date of Delivery. If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the Internal Revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.

(2)(b) Mailing requirements. The return, claim, statement or other document, or payment was within the time prescribed in subparagraph (a) deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement or other document is required to be filed, or to which such payment is required to be made.

(2)(c) Registered and Certified Mailing; Electronic filing.

(1) Registered Mail For purposes of this section, if any return, claim, statement, or other document, or payment, is sent by United States registered mail –

(a) such registration shall be prima facie evidence that the return, claim, statement, or other document was delivered to the agency, office, or office to which addressed; and

(b) the date of registration shall be deemed the postmarked date.

The Harrison's met all of the requirements for filing the 2012 return and pays the taxes during the look back period.

The Motion for Summary Judgment should be denied.

Dated this ____8____ day of July, 2019 at La Crosse, Wisconsin.

                                                PITTMAN & PITTMAN LAW OFFICES, LLC

                                                By:    s/Galen W. Pittman
                                                           Galen W. Pittman
                                                           Attorney for Plaintiff's
                                                           Attorney No: 1010058
                                                          712 Main St.
                                                           La Crosse, WI 54601
                                                           (608) 784-0841

**APPROVED BY:**

s/Mark W. Harrison
Mark W. Harrison


Subscribed and sworn to before me
this _____ day of July, 2019.

s/Galen W. Pittman
Galen W. Pittman, Notary Public
My Commission is Permanent.

7