**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WISCONSIN**

---

MARK W. HARRISON &
ELLEN C. HARRISON,

     Plaintiffs,

     v.

INTERNAL REVENUE SERVICE,
COMMISSION (*sic*) OF INTERNAL REVENUE,
& UNITED STATES DEPARTMENT OF
JUSTICE,

     Defendants.

---

Case No. 1:19-CV-00194

**UNITED STATES' REPLY TO PLAINTIFFS RESPONSE/OBJECTION TO THE
UNITED STATES' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION
FOR SUMMARY JUDGMENT**

     The United States, on behalf of the Defendants,[1] moved to dismiss the Plaintiffs'

Complaint for failing to state a valid refund claim, under Fed. R. Civ. P. 12(b)(6), and, in the

alternative, moved for summary judgment in favor of the United States pursuant to Fed. R. Civ.

P. 56(a) because the Plaintiffs have not made any tax payments in the statutory limitations period

and no recovery is available to them as a matter of law. (ECF Nos. 11-13.)  Plaintiffs opposed

the motion,[2] and the United States now replies.

---

[1] The United States is the property party defendant in a refund suit. 26 U.S.C.
§ 7422(f)(1)(refund suit "may be maintained only against the United States"); *Salah v. United
States,* 2001 WL 312373, at *1 n.* (7th Cir. 2001)(proper defendant in refund suit is the United
States and substituting United States as defendant in place of improperly named IRS).

[2] *Plaintiffs' Response/Objection to the United States' Motion to Dismiss or, in the alternative,
Motion for Summary Judgment* filed on July 8, 2019 at ECF Nos. 18 & 20.

The ultimate result of these filings is the following: the Plaintiffs' untimely 2012 federal income tax return, which was also their administrative claim for refund, was received by the IRS on October 17, 2016. Section 6511(b)(2)(A) of the Internal Revenue Code provides that the Plaintiffs may only recover a refund for those tax payments made within three years (plus extension) of this claim, called the "look back" period (the "look back period"). As outlined in the United States' motion, the Plaintiffs' suit for refund is limited to amounts paid within three years of their October 17, 2016 claim, plus the one six month extension of time to file the 2012 return. Therefore, the look back period spans <u>October 17, 2016 to April 17, 2013</u>. (ECF No. 12, U.S. Brief in Support at p. 10 (*hereinafter* "U.S. Motion").)

The parties agree that the Plaintiffs' only tax payments for tax year 2012 were through withholdings made during the same year. (ECF No. 18, Plaintiffs' Response/Objection at ¶ 1 (*hereinafter* "Objection").) The Internal Revenue Code provides that withholdings taxes paid in a tax year are deemed paid on April 15 of the following year. 26 U.S.C. § 6511(b)(1); *Baral v. United States,* 528 U.S. 431, 432-33 (2000). Therefore, the Plaintiffs' 2012 tax payments were deemed paid on April 15, 2013. These tax payments were made before April 17, 2013: outside of the look back period. Therefore, pursuant to Section 6511(b)(2)(A), the Plaintiffs have made no payments during the statutory look back period. As a matter of law, the Plaintiffs are not entitled to a refund. The Court should grant the motion and issue summary judgment for the United States and against the Plaintiffs.[3]

---

[3] The United States' motion (ECF No. 12) moved to dismiss the Complaint for failure to state a claim and, in the alternative, for summary judgment. However, as discussed below, the Plaintiffs' Objection includes a submission of evidence and affidavits and, therefore, in this Reply, the United States seeks a grant of summary judgment.

I.     **The Court should rule on the United States' motion as a motion for summary judgment because the Plaintiffs submitted evidence and affidavits in response.**

With their Objection, the Plaintiffs submitted supporting evidence and an affidavit of Mark Harrison. (ECF Nos. 20 & 20-1.) The new facts Plaintiffs submitted show that they have had the opportunity to respond to the United States' motion for summary judgment. *See, Tri-Gen, Inc v. Int. Union of Operating Engineers,* 433 F.3d 1024, 1029-30 (7th Cir. 2006)("Adequate notice is provided when the moving party frames its [12(b)(6)] motion in the alternative as one for summary judgment."). Therefore, the United States requests that the Court convert its motion to dismiss to a motion for summary judgment because the Plaintiffs have had the opportunity to submit facts in support. Further, granting summary judgment for the United States will resolve the case in its entirety and conserve judicial resources.

However, should the Court instead choose to dismiss the Complaint pursuant to Rule 12(b)(6), Plaintiffs Objection fails to cure the original defects in its Complaint and, on its face, fails to state a claim for refund. *See* U.S. Motion at pp. 5-7. There are three primary requirements that must be met to state a cognizable refund claim:

- (1) <u>Full Payment</u>: A taxpayer must have fully paid the tax at issue;

- (2) <u>Filing a timely, and sufficient, administrative claim for refund:</u> A taxpayer must have filed a timely administrative claim pursuant to 26 U.S.C. §§ 7422(a) & 6511(a); and

- (3) <u>Tax payments made within the limitations period:</u> A taxpayer must also have paid taxes within the limitations period pursuant to 26 U.S.C. § 6511(b)(2)(A).

U.S. Motion at p. 6.

The Complaint fails to state sufficient facts, accepted as true, that the Plaintiffs satisfy two of the three requirements to maintain a valid refund suit: (1) that the Plaintiffs fully paid their 2012 tax liabilities and (2) that they made any tax payments within the limitations period. *Flora v. United States*, 357 U.S. 63, 68-69, 75 (1958) *aff'd on reh'g* 362 U.S. 145 (1960)(on full

payment requirement); *United States v. Dalm,* 494 U.S. 596, 600-01 (1990)(on limitations on amount of refund); 26 U.S.C. § 6511.

While the Plaintiffs' Objection makes new allegations that they did fully pay their 2012 taxes and did pay taxes within (what they characterize is) the look back period (*id.* at pp. 3-4), these new facts are not properly considered in response to a motion to dismiss. Objection at p. 2 ¶¶ 2-3; *see also, Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A complaint cannot be amended by briefs submitted in opposition to a motion to dismiss and facts pled in a complaint may not be "fleshed out" by later filings. *Car Carriers, Inc. v. Ford Motor, Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984)("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss"); *see also, Bissessur v. Indiana Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009). Because the Complaint does not state these new facts, they should not be considered on the United States' motion to dismiss. If the Court chooses to rule pursuant to 12(b)(6), for these reasons, the Plaintiffs have failed to state a claim.

**II.   Summary judgment should be granted for the United States because there is no genuine dispute of material fact - the Plaintiffs did not meet the requirements to make a valid claim for refund for taxes withheld in 2012 and deemed paid on April 15, 2013.**

As stated above, the Plaintiffs' Complaint did not contain sufficient allegations that they satisfied all three requirements to sustain a refund claim for the taxes withheld in 2012. The United States submitted additional evidence showing that the Plaintiffs satisfied two requirements: (1) that the Plaintiffs made full payment of their liabilities; and (2) that Plaintiffs timely filed an administrative claim for refund. U.S. Motion at p. 8. The United States' undisputed material facts also showed that the Plaintiffs did <u>not</u> meet the final requirement for maintaining a refund suit because they had made no payment of taxes during the statutory limitations period, also called the look back period. 26 U.S.C. § 6511(b).

4

Based on the evidence presented in support of the U.S. Motion, and the evidence submitted by the Plaintiffs in their Objection, the Court should grant summary judgment for the United States because it is undisputed that the Plaintiffs have failed to make any tax payments during the look back period and, therefore, no refund is available to them as a matter of law.

### A.     The Plaintiffs do not dispute any of the United States' material facts.

In support of its motion, the United States accepted the allegations of the Complaint as true and submitted the declaration of an IRS Revenue Advisor and an IRS transcript regarding Plaintiffs' 2012 federal taxes (a certified public record). (ECF Nos. 13, IRS Decl. & 13-1, Exh. A IRS Transcript (*hereinafter* "IRS Decl." and "Exh. A, IRS Transcript").) The Plaintiffs, in their Objection, did not dispute the United States' nine facts in support.[4] There is no genuine dispute regarding the following material facts:

- The Plaintiffs paid their 2012 federal income taxes through withholdings in tax year 2012: While it was not plead in the Plaintiffs' Complaint, the United States submitted evidence to show that the Harrison's paid $16,720 in W-2 or 1099 withholdings during tax year 2012. IRS Decl. at ¶ 11 & Exh. A, IRS Transcript. The Plaintiffs agree that they made these tax payments pursuant to withholdings in tax year 2012. Objection at ¶¶ 1, 4.

- The Plaintiffs received a single extension to file their 2012 return on or before October 15, 2013: The United States' presented evidence that the Plaintiffs sought a single extension to file their 2012 return until on or before October 15, 2013. IRS Decl. at ¶ 11(iii) & Exh. A, IRS Transcript. The Plaintiffs presented no evidence to dispute that they sought, or received, additional extensions. Objection *passim* & ECF No. 20, Harrison Affidavit *passim (hereinafter* "Harrison Affidavit").

- The Plaintiffs' 2012 return was mailed on October 11, 2016:  The Plaintiffs submit that they mailed their 2012 federal tax return on October 11, 2016. Objection at ¶ 3; Harrison Affidavit at ¶ 3 (stating was placed in the mail on October 11, 2016). The United States does not dispute that the return was mailed on October 11, 2016. Harrison Affidavit ¶ 3; ECF No. 20-002 (Certified Mail Receipt).

---

[4] In the Plaintiffs' Objection, the Plaintiffs did not address directly whether they disputed any of the United States specific nine facts. However, the Plaintiffs did state five facts they contend are "uncontested" between the parties. Plaintiffs' Objection at pp. 2-3.

- <u>The IRS received the Plaintiffs' 2012 return on October 17, 2016</u>: The Plaintiffs do not dispute that the IRS received their 2012 federal income tax return on October 17, 2016. Objection at ¶ 3; ECF No. 1, Cmplt at ¶ 7a.

The above-listed material facts are all the facts necessary for the Court to rule on summary judgment.

> ### B. As a matter of law, and based on the undisputed material facts, the Plaintiffs' 2012 administrative claim was filed on October 17, 2016, the date it was received by the IRS, and the statutory look back period spans October 17, 2016 to April 17, 2013.

The Plaintiffs' 2012 return is both a tax return and, because it seeks reimbursement for an overpayment, serves as an administrative claim for refund. 26 U.S.C. § 6511(a)(a claim for refund must be filed either within 2 years of the tax payment or within 3 years of filing the return); 26 C.F.R. § 301.6402-3(a)(1) & (5)(an income tax return may "constitute a claim for refund" for purposes of § 6511 "for the amount of the overpayment disclosed by such return"); *United States v. Szopa*, 2000 WL 250116, at *1 (7th Cir. 2000). Congress has limited a refund suit to allow only for recovery of any tax overpayments that have been paid within three years (plus extensions) of the timely[5] administrative claim itself. *C.I.R. v. Lundy,* 516 U.S. 235, 240 (1996); 26 U.S.C. § 6511(b). This three-year period is determined by "looking back" from the date the taxpayer's administrative claim was filed. *Id.* § 6511(b)(2)(A).

Therefore, the first question is: on what date was the Plaintiffs' administrative claim for refund filed? As a matter of law, the Plaintiffs' administrative claim was filed on October 17, 2016, the date that the IRS actually received the claim by way of the late-filed 2012 income tax return.

---

[5] The United States agrees, for purposes of this motion, that the Plaintiffs' claim for refund was "timely" under § 6511(a). U.S. Motion at p. 6. The claim is "timely" under § 6511(a) because it was filed simultaneously with their 2012 tax return, which claimed the refund (and therefore well within three years from the time the return was filed). *See Doyle v. United States*, 88 Fed. Cl. 314, 321 (2009).

      **1.**     **The law regarding untimely tax returns governs the date of filing for the Plaintiffs' administrative claim for refund.**

The administrative claim for refund was also the Plaintiffs' tax return for 2012. The Plaintiffs' 2012 return was due on or before April 15, 2013. IRS Decl. ¶ 11 & Exh. A. They sought an extension until October 15, 2013.[6] They did not submit their return until three years later. When a return is placed in the mail after it is due, then the date it is considered "filed" is the date it is received by the IRS. Section 7502(a)(2)(A); *Washington v. United States*, 2019 WL 2041654, at *3 (S.D.N.Y. 2019); *Manka v. United States*, 105 F. Supp. 2d 490, 491 (E.D. Va. 2000).

Plaintiffs argue that their 2012 tax return should be considered "filed" as of October 11, 2016, the date they placed it in the mail. Generally, § 7502(a)(1) deems a document "filed" with the IRS as of the date it is postmarked by the U.S. Postal Service <u>if</u> the postmark is <u>prior to the</u>

---

[6] The Plaintiffs appear to allege that they were granted an extension until October 15, 2016 to file their 2012 federal income tax return. Objection at ¶ 3. Plaintiffs cite no evidence in support of this allegation. *Id.* at pp. 2, 4. Further, the affidavit of Mark Harrison submitted in support also contains no facts or statements regarding the Plaintiffs seeking or obtaining an extension until 2016. (Harrison Affidavit *passim*.) Rule 56(c)(1) requires that all factual positions be supported by citing to evidence in a form that would be admissible evidence at trial. Plaintiffs have failed to do so for their baseless allegation that they received a three (plus) year extension to file their 2012 return. In contrast, the United States has presented a declaration of an IRS agent, and the certified public records of the IRS, showing that the Plaintiffs were granted a single extension to file on or before October 15, 2013. IRS Decl. at 11(iii) & Exh. A, IRS Transcript. Facts, properly supported by evidence under Rule 56(c)(1), cannot be disputed by unsupported allegations alone. *Cavalieri v. Butteman & Assoc.,* 1999 WL 38103, at *1-2 (7th Cir. 1999). Rather, summary judgment is appropriate when a non-movant fails to present any admissible evidence to create dispute of fact. *Home Casual Enterprise Ltd. V. Home Casual, LLC,* 2012 WL 13041994, at *16-17 (W.D. Wis. 2012)(granting summary judgment for movant when non-movant offered no admissible evidence on summary judgment); *see also, Ellerby v. State of Illinois Circ. Court,* 1989 WL 97817, at *1 (N.D. Ill. 1989). The United States has presented sufficient evidence, admissible at trial, that the Plaintiffs obtained a single extension to file their return on October 15, 2013 and failed to do so. IRS Decl. at ¶ 11. The Plaintiffs' 2012 federal tax return was due on October 15, 2013 and this fact should be treated as undisputed.

deundefined for filing the document. But the Plaintiffs did not postmark their 2012 tax return on or before October 15, 2013, the deadline to timely file the return. Rather, they postmarked their 2012 tax return nearly three years later, on October 11, 2016. Because of this (three years late) filing, the Plaintiffs lost the benefit of the postmark rule. Section 7502(a)(2)(A)(the postmark rule only applies if the postmark date is *before* a prescribed date for filing or any extension of that date); *see also, Carroll v. C.I.R.,* 71 F.3d 1228, 1230-31 (6th Cir. 1995)("[7502(a) provides that] a document mailed to the IRS on or before a filing deadline and delivered [] after the deadline would be 'deemed' to have been received on the date of the postmark <u>if the postmark itself was not after the deadline.</u>" (emphasis added));*Manka*, 105 F. Supp. 2d at 491 ("the law is settled that 26 U.S.C. § 7502(a)'s so-called 'mailbox' provision is inapplicable where, as here, the tax return was untimely" (footnote omitted)); *Pitre v. I.R.S.,* 938 F. Supp. 95, 98 (D.N.H. 1996)(postmark date does not apply "where both the date of mailing and the date of actual receipt followed the expiration of the time limit for the filing of that year's return."); *Becker v. I.R.S.,* 823 F. Supp. 231, 233 (S.D.N.Y. 1993)(Section 7502 "applies only when the document is postmarked on or before the *due date* for that return" and, further, finding that when untimely tax return also serves as an administrative claim then the postmark rule does not apply to the claim <u>or</u> the return).

For all of these reasons, the date Plaintiffs' return was filed is the same date their administrative claim was filed, which is the date the IRS actually received the return: <u>October 17, 2016</u>. *Pitre,* 938 F. Supp. at 98 (finding actual receipt was date for determining look back period when tax returns were due April 17, 1989, untimely return (simultaneously treated as a refund claim) was mailed on April 15, 1992 and received by IRS on April 20, 1992); *see also*

*Doyle*, 88 Fed. Cl. at 321 (a late-filed tax return, which was also a claim for refund, was "filed" on the date the IRS received the return).

2.   **There are no extensions for the look back period.**

The date of the Plaintiffs' administrative claim is October 17, 2016 as a matter of law. In their Objection, the Plaintiffs appear to argue that the look back period should be altered because October 15, 2016 fell on a Saturday. Objection at p. 5 ("filing date of the return…actually relates back to October 15, 2016.") For this proposition, the Plaintiffs cite to an inapplicable provision of the Internal Revenue Code, Section 7503. Cmplt. ¶ 6.

Section 7503 extends the deadline for filing a <u>timely</u> return when the due date falls on a weekend or holiday. As discussed above, the Plaintiffs 2012 return, treated as a simultaneously filed administrative claim, was mailed on October 11, 2016, over three years after the return was due on October 15, 2013. Because the Plaintiffs 2012 return was untimely, Section 7503 is inapplicable. Rather, Section 7503 is an extension of the period described in Section 7502 – namely, if a taxpayer's return is due on a Sunday and the return is postmarked on the succeeding Monday, than that return is deemed timely and the postmark mailing rule applies. *Weisbart v. IRS,* 2004 WL 528442, at *1-2 (E.D.N.Y. 2004). The Plaintiffs' return was postmarked three years late; they do not get the benefit of either the Section 7502 postmark rule nor the related extension of the time to file a timely return in Section 7503.[7]

The undisputed material facts show that the October 17, 2016 receipt date is the date of the Plaintiffs' administrative claim and the date by which the look back period is calculated.

---

[7] Further, Section 7503 does not alter the time for filing an administrative claim and, therefore, the requisite date for calculating the look back period. *See* IRS Rev. Ruling 2003-41 (April 28, 2003)(Section 7503 "does not affect the time for filing a timely claim for refund under section 6511."); *see also, Khafra v. IRS,* 2018 WL 5809704, at *3 (D. Md. 2018).

9

**C.      Plaintiffs paid no taxes during the three-year look back period that started on October 17, 2016.**

It follows from the foregoing that the three-year look back period started on October 17, 2016 date and ended on April 17, 2013. The undisputed material facts show that the Plaintiffs did not make any tax payments during the statutory look back period. *Manka,* 105 F. Supp. 2d at 492 (finding taxpayers' refund claim time-barred when taxes deemed paid outside of the look back period). The Plaintiffs paid amounts through withholdings in tax year 2012 and, the law provides, withholdings payments are deemed paid on the due date for those taxes, without any regard for extensions. 26 U.S.C. § 6513(a)("payment of any portion of the tax made before the last day prescribed for the payment…shall be considered made on such last day" without regard to any extensions*);Baral,* 528 U.S. at 432-33 (pursuant to Section 6513, withholdings taxes are deemed paid "on the due date of the taxpayer's income tax return"); *Szopa,* 2000 WL 250116, at *2. Therefore, the Plaintiffs <u>only</u> tax payments for 2012 were made through withholdings, deemed paid on April 15, 2013. Objection at ¶¶ 1, 4; Exh. A IRS Trans. This fact is undisputed.

As examined in detail above, the requisite look back period in this case is October 17, 2016 through April 17, 2013 and, therefore, the Plaintiffs only tax payments for 2012 were paid <u>outside</u> of the look back period on April 15, 2013. As a matter of law, they are entitled to recover nothing. Rather, the Plaintiffs' tax payments were made two days outside of the look back period. Courts regularly find that a taxpayer does not have a valid refund claim when payments were only days outside of this statutory limitations period. *See e.g., Washington,* 2019 WL 2041654 at *2 (dismissing refund claim when taxes paid April 15, 2013 and look back period ended May 2, 2013); *Khafra,* 2018 WL 5809704 at *2 (dismissing when taxes paid April 15, 2012 and look back period ended April 16, 2012); *Manka,* 105 F. Supp. 2d at 492 (dismissing

when taxes paid April 15, 1994 and look pack period ended April 20, 1994). The Plaintiffs have made no recoverable tax payments and are entitled to no refund as a matter of law.

## III.    Conclusion

The undisputed material facts show that the Plaintiffs' 2012 tax payments were made by withholdings and deemed paid on <u>April 15, 2013.</u> Those tax payments are outside the <u>October 17, 2016 to April 17, 2013</u> look back period. Therefore, the statutory limitation on a claim for refund, which allows a refund only for tax payments made within the look back period, bars the Plaintiffs from any recovery in this case. Summary judgment should be granted to the United States.

Dated: July 18, 2019                                    Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General


*/s/ Gretchen Ellen Nygaard*
GRETCHEN ELLEN NYGAARD
Trial Attorney, Tax Division
D.C. Bar No. 1006292
U.S. Department of Justice
P.O. Box 7238
Washington, D.C.  20044
202-305-1672 (v)
202-514-6770 (f)
Gretchen.E.Nygaard@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2019 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.

/s/ Gretchen Ellen Nygaard
GRETCHEN ELLEN NYGAARD
Trial Attorney
Civil Trial Section, Central Region