IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARK W. HARRISON and ELLEN C.
HARRISON,

                    Plaintiffs,                                  OPINION AND ORDER

          v.
                                                                 19-cv-194-wmc
INTERNAL REVENUE SERVICE
COMMISSION (*sic*) OF INTERNAL
REVENUE, and UNITED STATES
DEPARTMENT OF JUSTICE

                    Defendants.

_____

Plaintiffs Mark W. and Ellen C. Harrison seek a refund of an alleged overpayment

for federal tax year 2012.  26 U.S.C. §§ 6422, 6511.  Before the court is defendants' motion

to dismiss or, in the alternative, for summary judgment.  (Dkt. #11.)[1]  For the reasons that

follow, the court will grant defendants' alternative motion for summary judgment, finding

that plaintiffs' claimed overpayment of taxes falls outside of the statutory cutoff for

claiming a refund.


TREATMENT OF MOTION

As an initial matter, defendants move to dismiss under Federal Rule of Civil

Procedure 12(b)(6), arguing that the complaint fails to include necessary factual allegations

about the payment of the tax at issue, and whether any portion of the payment occurred

within the three-year statute limitation.  Defendants also submit information outside of

_____

[1] As defendants point out, the proper party to a claim for a tax refund is the United States.  26
U.S.C. § 7422(f)(1); *see also Gengler v. I.R.S.*, No. 10-CV-689, 2010 WL 5463314, at *1 (E.D. Wis.
Dec. 29, 2010).  The court, however, need not substitute the United States for the defendants in
light of the court's decision to grant judgment in favor of defendants.

the pleadings in the form of a declaration of an IRS Revenue Advisor and certified IRS

records (dkt. #13), inviting the court to convert the motion to one for summary judgment,

arguing that plaintiffs are in fact time-barred from recovering any alleged overpayment.

Because plaintiffs responded to the motion for summary judgment and submitted their

own declaration in opposition to that motion (dkt. #20), the court will take up defendants'

alternative motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *see also Tri-Gen Inc. v.*

*Int'l Union of Operating Engineers, Local 150, AFL-CIO*, 433 F.3d 1024, 1029 (7th Cir. 2006)

("Adequate notice is provided when the moving party frames its motion in the alternative

as one for summary judgment.)[2]

## UNDISPUTED FACTS[3]

Plaintiffs Mark and Ellen Harrison were subject to income tax withholdings from

wages or other income in the amount of $16,720.48 for tax year 2012. Plaintiffs now

---

[2] In a footnote, defendants also assert that "[c]ourts also regularly dismiss suits for lack of jurisdiction when a taxpayer has failed to make tax payments in the look back period," but indicate that, here, "the United States has not made a Rule 12(b)(1) motion to dismiss for want of subject matter jurisdiction." (Defs.' Opening Br. (dkt. #12) 10 n.6.) However, defendants cannot choose whether to raise a jurisdictional challenge or rest its motion on the merits. If a question exists as to this court's subject matter jurisdiction, then the court *must* decide the jurisdictional challenge. In reviewing the caselaw, requiring administrative exhaustion of a refund claim *may* be a jurisdictional requirement. *See Gillespie v. United States*, 670 Fed. App'x 393 (7th Cir. 2016) (acknowledging that recent Supreme Court developments "may cast doubt on the line of cases suggesting that § 7422(a) is jurisdiction"). However, the Seventh Circuit has treated whether there are any tax payments within the "look back period" as an element of the claim. *See Gessert v. United States*, 703 F.3d 1028, 1036-37 (7th Cir. 2013) (holding that the claims do "not meet the [timing] requirements of the statute," despite headnotes that describe it as a jurisdictional defect); *Curry v. United States*, 774 F.2d 852, 855 (7th Cir. 1985) (holding court lacks jurisdiction because plaintiffs failed to exhaust their claims, but even if they had exhausted, they would be barred from obtaining a refund because of the time requirements under § 6511). As such, the merits of plaintiffs' claim appear to be properly before the court.

[3] Unless otherwise noted, the following facts are material and undisputed, when viewed in the light most favorable to plaintiffs as the non-moving party.

allege that they only owed $9,334.00 in taxes that year, and, therefore, seek a refund of $7,386.48 in withholdings.

Plaintiffs did not file a federal income tax return for tax year 2012 on its initial due date, April 15, 2013. Instead, plaintiffs sought and received an extension to file their 2012 federal income tax return until on or before October 15, 2013. Although plaintiffs state in their brief that they actually received an extension through October 15, 201<u>6,</u> plaintiffs do not cite any support for this statement. (Pls.' Opp'n (dkt. #18) 2.) As importantly, the representation is not supported by the IRS records. Perhaps plaintiffs intended to state that they received an extension until October 15, 2013; regardless, plaintiffs have failed to raise a genuine issue of material fact as to the actual extension date.

Approximately three years later, on Tuesday, October 11, 2016, plaintiffs mailed their 2012 tax return via certified mail seeking a refund of taxes withheld. The return was received by the IRS on Monday, October 17, 2016.

OPINION

Defendants assert, and plaintiffs do not dispute, that the following three requirements must be met for a successful refund claim:

1) Full payment of the tax at issue;

2) Filing a timely, and sufficient, administrative claim for refund pursuant to 26 U.S.C. §§ 7422(a), 6511(a); and

3) Tax payments must be made within the limitations period under § 6511(b)(2)(A).

(Defs.' Opening Br. (dkt. #12) 6 (citing *Flora v. United States*, 357 U.S. 63, 68-69, 75 (1958), *aff'd on rehearing*, 362 U.S. 145 (1990) (requiring full payment of tax at issue);

*United States v. Dalm*, 494 U.S. 596, 600-01 (1990) (describing limitations requirements)).

As for the first two requirements, there is no dispute that plaintiffs fully paid the tax at issue. (Defs.' Opening Br. (dkt. #12) 8 (citing Kosmatka Decl., Ex. A (dkt. #13-1)).) Moreover, construing their late-filed return as an administrative claim for refund, defendants also do not dispute that the second element is satisfied. (*Id.* (citing 26 C.F.R. § 301.6402-3(a) (allowing a return that claims a refund to qualify as a claim for refund under § 6511).) Indeed, as for the timeliness of the administrative complaint, given that the tax return and the administrative complaint are the *same* document, they were necessarily filed within the required three-year time period. 26 U.S.C. § 6511(a) (requiring that a "[c]laim for . . . refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed").

As such, defendants' motion turns on the third element -- whether plaintiffs made tax payments within the limitations period set forth under § 6511. That provision provides in pertinent part:

> the amount of the credit or refund shall not exceed the portion
> of the tax paid within the period, immediately preceding the
> filing of the claim, equal to 3 years plus the period of any
> extension of time for filing the return.

26 U.S. § 6511(b)(2)(A). This period of time is often called the "look back period."

To calculate plaintiffs' look back period, the court must first determine the date of plaintiffs' filing of their administrative claim. In their complaint, plaintiffs allege that the return (which, as mentioned above, can be treated as the administrative claim) was mailed on October 11, 2016, and received by the IRS on October 17, 2016. (Compl. (dkt. #1) ¶

7.)[4]  In their brief in opposition to summary judgment, therefore, plaintiffs rely on the October 11 date as the start of this look back period.

As defendants explain, however, in their reply brief, the date the return is placed in the mail is the date of filing *only if* the postmarked date precedes the deadline for filing the document.  When a tax return is placed in the mail *after* it is due, then the filing date is the date it was received by the IRS.  *See* 26 U.S.C. § 7502(a)(2)(A) (providing that postmark rule only applies "if the postmark date falls within the prescribed period or on or before the prescribed date . . . for the filing (including any extension granted for such filing) of the return, claim, statement, or other document"); *Carroll v. Comm'r,* 71 F.3d 1228, 1230 (6th Cir. 1995) ("In § 7502(a) Congress said that a document mailed to the IRS on or before a filing deadline and delivered by the Postal Service after the deadline would be 'deemed' to have been received on the date of the postmark *if the postmark itself was not after the deadline*." (emphasis added)); *Washington v. United States*, No. 18 CIV. 1865 (PGG), 2019 WL 2041654, at *3 (S.D.N.Y. Mar. 8, 2019) ("Because Washington's 2012 tax return was due on April 15, 2013, the return is not considered filed until the IRS received the tax return on May 2, 2016." (citing § 7502(a)(2)(A)(i))).  As such, the court must reject plaintiffs' argument to treat the postmark date as the date of filing their 2012 return.

Of course, because the tax return here is being treated as the administrative complaint, the question remains whether there could be *two* filings dates for this document: one for the untimely return based on the date that it was received by the IRS, and one for

---

[4] More accurately, plaintiffs submitted their return by certified mail on October 11, 2016.  Section § 7502(c)(1)(B) provides that "the date of registration shall be deemed the postmark date."

the administrative claim based on the date that it was mailed. Unfortunately for plaintiffs, the court could find no support for this theory. Indeed, as defendants describe in their reply brief, courts have consistently treated the date that an untimely tax return was received as the filing date of the administrative claim. *See, e.g.*, *Pitre v. I.R.S.*, 938 F. Supp. 95, 98 (D.N.H. 1996) (rejecting argument that the court should use the postmark date for untimely return, which was also treated as refund claim); *Doyle v. United States*, 88 Fed. Cl. 314, 321 (2009) (finding that a late-filed return, which was also a claim for refund, was filed on the date the IRS received the return); *Washington*, 2019 WL 2041654, at *3 (finding refund claim time-barred based on date untimely return, which also acted as administrative complaint, was received by the IRS). In fairness, this appears to be a question of first impression for the Seventh Circuit and perhaps that court will have a different view.

Alternatively, plaintiffs appear to argue that the court should treat Saturday, October 15, 2016, as the filing date, because that date "landed on a Saturday and pursuant to Internal Revenue Service 6151(a) of the Internal Revenue Code Section 6151(a) of the Internal Revenue Code, the date for filing the return is extended to the following Monday, which is October 17, 2016." (Pls.' Opp'n (dkt. #18) 2.) Plaintiffs apparently refer to 26 U.S.C § 7503, which extends the deadline of filing a *timely* return when a due date falls on a weekend or holiday. *See* 26 U.S.C. § 7503 (limiting this provision to filings "when the last day prescribed under authority of the internal revenue laws for performing any act" falls on a weekend or holiday). Because plaintiffs' 2012 tax return was untimely, however, this provision also does not apply. Moreover, the IRS has issued guidance that the rule

does not apply to administrative claims. IRS Rev. Ruling 2003-41 (Apr. 28, 2003) (Section 7503 ("does not affect the time for filing a timely claim for refund under section 6511"); *see also Khafra v. Internal Revenue Serv.*, No. 8:17-CV-03100-PX, 2018 WL 5809704, at *3 (D. Md. Nov. 6, 2018) (rejecting plaintiffs' argument to apply § 7503 to extend look-back period).

On this undisputed record, therefore, the court concludes that plaintiffs' administrative complaint was filed on October 17, 2016, which marks the commencement of the look back period. As provided above, the look back period is "equal to 3 years plus the period of any extension of time for filing the return." 26 U.S. § 6511(b)(2)(A). Here, three years from October 17, 2016, is October 17, 2013. Since plaintiffs received only one six-month extension, the look back period ends on April 17, 2013. As such, plaintiffs claim for refund is necessarily limited to any taxes paid for the 2012 tax year between April 17, 2013, and October 17, 2016.

The undisputed record reflects that the only taxes paid for 2012 were in the form of income tax withholdings from wages or other income. "For purposes of section 6511(b)(2)," § 6513(a) provides "payment of any portion of the tax made before the last day prescribed for the payment of the tax shall be considered made on such last day." 26 U.S.C. § 6513(a); *see also Baral v. United States*, 528 U.S. 431, 432-33 (2000) (applying § 6513(a) to claim for refund, holding that "[t]hese remittances are 'paid' on the due date of the taxpayer's income tax return"). Accordingly, plaintiffs' last day for payment of their 2012 taxes was April 15, 2013, and the tax payments from which plaintiffs seek a refund occurred outside of the look back period, albeit only two days outside of that period.

Admittedly, this result seems harsh, but as defendants point out, the Supreme Court has noted "Section 6511 sets forth its time limitations in unusually emphatic form." *United States v. Brockamp*, 519 U.S. 347, 350 (1997) (rejecting application of equitable tolling). Moreover, other courts have similarly dismissed refund claims when a taxpayer's payments were made just days outside of the look back period. *See, e.g.*, *Washington*, 2019 WL 2041654, at *2 (dismissing refund claim when taxed were paid April 15, 2013, and look back period ended May 2, 2013; *Khafra*, 2018 WL 5809704, at *2 (dismissing refund claim when taxes were paid April 15, 2012, and look back period ended April 16, 2012); *Manka v. United States*, 105 F. Supp. 2d 490, 492 (E.D. Va. 2000) (dismissing refund claim when taxes were paid April 15, 1994, and look back period ended April 20, 1994). As such, it would appear that only Congress can address any unfairness that attends this result. For these reasons, the court will grant judgment in defendants' favor, finding that the undisputed record forecloses their claim of a refund for the 2012 tax year.

## ORDER

IT IS ORDERED that:

1) Construing defendants' motion (dkt. #11) as a motion for summary judgment, the motion is GRANTED.

2) The clerk of court is directed to enter judgment in defendants' favor.

Entered this 9th day of January, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

8