IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARK W. HARRISON and ELLEN C.
HARRISON,

                    Plaintiffs,                    OPINION AND ORDER

    v.

                                                  19-cv-194-wmc

UNITED STATES,

                      Defendant.[1]

In a prior opinion and order, the court granted summary judgment to defendant, finding that plaintiffs Mark W. and Ellen C. Harrisons' claim for a tax refund failed as a matter of law because their previous tax payments occurred outside of the statutorily-manded period of time for claiming a refund. (1/9/20 Op. & Order (dkt. #22); Judgment (dkt. #23).) That ruling turned on the court's treatment of plaintiffs' administrative complaint as having been filed on October 17, 2016, the date when it was received by the IRS, rather than October 11, 2016, the date on which it was submitted by certified mail. To reach this determination, the court relied on cases cited by defendant, which "consistently treated the date that an untimely tax return was *received* as the filing date of the administrative claim." (1/9/20 Op. & Order (dkt. #22) 6 (emphasis added) (citing *Pitre v. I.R.S.*, 938 F. Supp. 95, 98 (D.N.H. 1996); *Doyle v. United States*, 88 Fed. Cl. 314, 321 (2009); *Washington v. United States*, No. 18 CIV. 1865 (PGG), 2019 WL

---

[1] In its prior opinion and order, the court acknowledged that the proper party for a tax refund is the United States, but opted not to substitute the United States for the Internal Revenue Service, the Commission[er] of the Internal Revenue Service and the U.S. Department of Justice -- the defendants named in the complaint -- because of the court's decision to grant judgment in defendants' favor and close the case. For clarity's sake, the court substitutes the United States for the defendants named in the original complaint and directs the clerk's office to correct the docket accordingly.

2041654, at *3 (S.D.N.Y. Mar. 8, 2019)).)

Before the court is plaintiffs' motion for reconsideration, in which plaintiffs direct the court for the first time to a 2001 Second Circuit decision and a subsequent IRS Chief Counsel's Notice describing a change in litigation policy and the adoption of a revised regulation. *See Weisbart v. United States*, 222 F.3d 93 (2d Cir. 2000), *abrogated on other grounds*, *In re WorldCom, Inc.*, 723 F.3d 346 (2d Cir. 2013); IRS Chief Counsel Notice CC-2001-019, 2001 WL 34771235 (Mar. 22, 2001); 26 C.F.R. § 301.7502-1(f). Critically, in *Weisbart*, the Second Circuit encountered the same issue presented in this case, but held that the refund claim now enjoys the benefit of the mailbox rule and, therefore, should be treated as filed on the date it was mailed. *Weisbart*, 222 F.3d at 96-97. Referring to Treasury Regulations §§ 301.6402-3(a)(5) and 301.7502-1, the court held that "[t]aken together, these two Treasury Regulations provide that the application of the mailbox rule to the refund claim should be analyzed independently of the timeliness of the tax return itself, regardless of whether they are in the same document." *Id.* at 97.

Regrettably, not only did plaintiff fail to bring this case and the regulations to the court's attention in their previous briefing on defendant's motion to dismiss or for summary judgment, but the IRS and the U.S. Department of Justice, whose respective jobs include promulgating and enforcing the applicable regulation, also did not. Still, presented with the regulations, defendant concedes it has no basis to oppose the motion for reconsideration, and the IRS has confirmed that it is prepared to issue a refund in the amount sought in plaintiffs complaint, plus statutory interest. (Def.'s Resp. (dkt. #25) ¶ 18.) While there is no question that this is the appropriate response and course of action, the court remains troubled by defendant's failure to alert the court to the *Weisbart* case

and even more the regulations. In its submission, defendant represents that the IRS did not identify the *Weisbart* case, the Chief Counsel's Notice or the regulations, but acknowledges that counsel for defendant did identify the *Weisbart* case in their own research, and *chose* not to disclose it in their briefing because it is not "controlling" in the Seventh Circuit. (*Id.* ¶¶ 13-14.) This might be a viable defense if: (1) the failure to cite *Weisbart* were the only failure and; (2) the U.S. Department of Justice's and IRS's aspirations only were not to fall below the bare minimum ethical threshold. *See* Am. Bar Assoc. Rule 3.3 ("A lawyer should not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel.").

More critically, however, the *Weisbart* court relied on a Treasury Regulation, which *is* controlling authority on both the IRS and this court. Defendant explains that the Chief Counsel's Notice announcing a change in its litigation position and the amendment to 26 C.F.R. § 301.7502-1(f) occurred *after* the *Weisbart* opinion, but the language in 26 C.F.R. § 301.6402-3(a)(5), on which the Second Circuit in part relied, remains in place today, and defendant failed to alert the court of this regulation. Thus, the conduct of defendant's counsel here falls below even a bare minimum ethical standard, something counsel would have discovered by reading *Weisbart* and the current versions of the regulations cited in that case closely, rather than dismissing it as an inconvenient contrary authority that they were not ethically required to cite to the court.[2]

---

[2] Even if this were not so, defendant cited a number of cases from other circuits that were also not controlling in this court in support of its erroneous argument that the administrative complaint was filed on the date it was received by the IRS.

These egregious missteps in defendant's response were enough to prompt this court to consider whether an award of attorney's fees incurred in responding to the motion for summary judgment and in bringing their motion for reconsideration would be appropriate under 28 U.S.C. § 1927. However, this would require a finding of actual bad faith to shift fees to plaintiff. *See Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 708 (7th Cir.), *opinion modified on reh'g*, 832 F.3d 699 (7th Cir. 2016) ("If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious. To put this a little differently, a lawyer engages in bad faith by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law[.]" (internal citation omitted). Instead, defendant's counsel's representations show negligence, which is not sufficient to invoke fees under § 1927. *Id.*[3] Plus, counsel at least confessed error when plaintiff finally discovered the controlling regulation and brought it to defendant's and the court's attention.

Nevertheless the court will require defendant to circulate this opinion and order, along with the Chief Counsel's Notice and 26 C.F.R. §§ 301.7502-1(f) and § 301.6402-3(a)(5) to all attorneys in the IRS Office of Chief Counsel and to the Tax Division of the U.S. Department of Justice in hopes that these actions will prevent future opposition to meritorious claims for refunds, as well as any instinct to ignore the duty of candor to the court by burying precedent no matter how well reasoned, helpful or directly on point it may be simply because one is not ethically bound to disclose it.

---

[3] In their prayer for relief in their complaint, plaintiffs requested attorney's fees, but cited no support for this request. (Compl. (dkt. #1) 3.) In their motion for reconsideration, plaintiffs simply request $7,386.48 and statutory interest. (Pls.' Mot. (dkt. #24) 4.)

4

ORDER

IT IS ORDERED that:

1) Plaintiffs Mark W. Harrison and Ellen C. Harrison's motion for reconsideration (dkt. #24) is GRANTED

2) The court's order granting defendant's motion for summary judgment (dkt. #22) and judgment entered in favor of defendant (dkt. #23) are VACATED.

3) On or before February 12, 2020, defendant's counsel is directed to file a letter certifying that they complied with the court's direction to circulate materials to their colleagues and to the IRS Office of Chief Counsel as set forth above.

4) The clerk's office is directed to enter judgment in plaintiffs' favor against defendant the United States in the amount of $7,386,84, plus statutory interest that has accrued since April 15, 2013.

Entered this 29th day of January, 2020.

BY THE COURT:


/s/
_____
WILLIAM M. CONLEY
District Judge